IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

IN RE GARY BOWMAN,          )
                            )
        Appellant.          )
                            )
                            )        Case No. 1:13-cv-01140-GBL
                            )
                            )
                            )

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Appellant Gary Bowman's appeal of (i) an order of the Bankruptcy Court for the Eastern District of Virginia ("Bankruptcy Court") denying Mr. Bowman's Motion for Reconsideration [of the Order Denying Motion to Defer Payment of Fee] and Amended Motion to Defer Reopening Fee, and Mr. Bowman's appeal of (ii) the Court's Order denying the reopening of the bankruptcy case in which Mr. Bowman was sanctioned, for failure to pay the reopening fee.

There are three issues before the Court. The first issue is whether the Bankruptcy Court abused its discretion by requiring Mr. Bowman to pay the wrong amount in filing fees and refusing to reopen his case based on the non-payment of the wrong amount of fees. The second issue is whether the Bankruptcy Court abused its discretion by not extending the time to pay the correct fee after it denied Mr. Bowman's motion for reconsideration of payment or deferral of the filing fee. The third issue is whether the Bankruptcy Court abused its discretion by not waiving the filing fee even though Mr. Bowman claimed that appropriate circumstances justified waiver of fee.

The Court AFFIRMS the Bankruptcy Court's two orders. First, the Court holds that the Bankruptcy Court did not abuse its discretion because it corrected the erroneous notice to cure filing defect a week before the reopening fee was due, and as such, the refusal to reopen the case was based on Mr. Bowman's nonpayment of the correct filing fee. Second, the Court holds that the Bankruptcy Court did not abuse its discretion by choosing not to give Mr. Bowman a second extension of time to pay the filing fee where he only filed his Motion for Reconsideration the day before the first extension expired and has cited to no law requiring a court to extend the period to pay a fee during a motion for reconsideration. Third, the Court holds that the Bankruptcy Court did not abuse its discretion by not waiving the filing fee because it determined that where Mr. Bowman had not made any showing that he was financially unable to pay the fee, his explanation for his delay in filing was insufficient to warrant a waiver of the fee.

## I. BACKGROUND

The appeal currently before the Court stems from Mr. Bowman's motion to reopen a bankruptcy case to appeal a sanctions order against him.

### A. Sanctions Order

On June 5, 2012, the Bankruptcy Court issued an Order imposing sanctions upon Mr. Bowman (the "Sanctions Order") pursuant to Federal Rule of Bankruptcy Procedure 9011(c)(1)(B) regarding cases 11-18617-BFK and 11-11656-BFK. (Doc. 1, p. 44.) Prior to promulgating its Memorandum Opinion and Order, Mr. Bowman was served with an Order to appear and show cause why sanctions should not be imposed. (*Id.*) An evidentiary hearing was held on April 17, 2012, at which Mr. Bowman was present. After the evidentiary hearing, the Bankruptcy Court allowed, and Mr. Bowman filed, a post-hearing brief. (*Id.*)

In its Memorandum Opinion, the Bankruptcy Court found that Mr. Bowman had various irreconcilable conflicts of interest, had violated his duty of loyalty to a client, and made unauthorized filings. (*Id.* at 44-63.) The Bankruptcy Court imposed a number of sanctions on Mr. Bowman including a prohibition on the filing of any petition on behalf of a debtor, creditor, or any other party in interest in a Chapter 11 case in the Eastern District of Virginia for a period of one year. (*Id.* at 62.) Mr. Bowman did not move the Bankruptcy Court to reconsider its Sanctions Order. Mr. Bowman stated he did not appeal the Sanctions Order because he had no intention of filing any Chapter 11 cases in this District for the year to come. (*Id.* at 92.) Approximately five months later, the parties moved to dismiss the underlying cases. (*Id.* at 40.) Mr. Bowman was provided notice that the parties were dismissing the case. (*Id.* at 113.) The case was officially closed on December 27, 2012. (*Id.* at 41.)

## B. Bankruptcy Court's Denial of Motion to Reopen

After the case was closed, someone filed a Bar Complaint against Mr. Bowman, using as grounds for the Bar Complaint, at least in part, the Sanctions Order. (*Id.* at 113.) Now that a Bar Complaint had been filed, Mr. Bowman decided that he wanted to try to fight and vacate the Sanctions Order. On June 4, 2013, Mr. Bowman filed a Motion to Reopen Case, Motion to Reconsider [the Sanctions Order], and a Motion to Extend the Time to Pay the Reopening Fee of $1,167 and noticed those motions for hearings on July 30, 2013. (*Id.* at 41.) Mr. Bowman did not pay any reopening fee at the time that he filed these motions or at any later point in time. On June 5, 2013, the Bankruptcy Court issued a Notice to Cure Filing Fee Deficiency, erroneously stating that the reopening fee was $1,000.00, and required Mr. Bowman to pay the filing fee by the next day. (*Id.* at 84.)

3

On June 6, 2013, the Bankruptcy Court denied the motion to waive or defer the payment of the reopening fee. (*Id.* at 87.) The Bankruptcy Court listed four grounds for the denial of the waiver or deferment of the fee. First, Mr. Bowman had not supported his Motion with any sort application or affidavit indicating that he was *in forma pauperis*. Second, the payment of the fee is not dependent on the outcome of the Motion to Reopen, it is due and payable when a Motion is filed. Third, although a court has the discretion to waive a reopening fee, the Bankruptcy Court did not know of any policy permitting waiver *in these particular circumstances*. [emphasis added.] Fourth, the Bankruptcy Court believed that the problem was entirely of Mr. Bowman's own making as he could have acted promptly to vacate the Sanctions Order during the six months before the case was closed and he would not have had to pay a reopening fee. Mr. Bowman contends that the Bankruptcy Court erroneously determined that it did not have the authority to provide a reopening fee waiver.

In the June 6, 2013 Order, the Bankruptcy Court granted Mr. Bowman a two week extension of time to pay the reopening fee until June 20, 2013 and cautioned Mr. Bowman that if the fee was not timely paid, the Motion to Reopen would be denied. (*Id.* at 88.) On June 14, 2014, six days before the extended payment deadline, the Bankruptcy Court issued an Amended Notice to Cure Filing Fee Deficiency, correcting the previous Notice by stating that the amount due was $1,167. (*Id.* at 90.) On the day that the extension to pay the filing fee was set to expire, June 20, 2013, Mr. Bowman filed a motion to reconsider the Bankruptcy Court's June 6, 2013 Order denying the motion to defer or waive the filing fee. On June 21, 2013, the day after the deadline to pay the filing fee, Mr. Bowman filed his memorandum in support of his Motion to Reconsider. In neither his Motion to Reconsider nor his Memorandum in Support, did Mr.

4

Bowman request the Bankruptcy Court grant him an additional extension of time to pay the filing fee during the pendency of the Motion.

On June 25, 2013, the Bankruptcy Court entered an Order denying the Motion for Reconsideration [of the Order denying the motion to defer or waive the filing fee] and denying the Amended Motion to Defer Reopening Fee. (*Id.* at 112.) In the Order, the Bankruptcy Court reemphasized that although the Judicial Conference policy gives the Court the discretion to waive a filing fee in appropriate circumstances, it did not believe Mr. Bowman's circumstances were such that he was entitled to such a waiver because the situation he was in was entirely of his own making because he chose not to appeal the Sanctions Order in the six months that the case remained open. The Bankruptcy Court did not find persuasive Mr. Bowman's argument that because he did not intend to practice in this District's Bankruptcy Court in the coming year, he did not have sufficient incentive to appeal the Sanctions Order at the time it was imposed, and as such he only had incentive to appeal after the Bar Complaint was filed such that he should be entitled to a waiver of the reopening fee. (*Id.*) Consequently, on July 23, 2013, the Bankruptcy Court entered an Order Denying Mr. Bowman's Motion to Reopen Case for non-payment of the $1,167 filing fee. (*Id.* at 115.) The hearings that Mr. Bowman had noticed for July 30, 2013 were cancelled.

Subsequently, Mr. Bowman filed this appeal of the Order Denying Motion to Reopen Case. During oral arguments held October 25, 2013, however, Mr. Bowman focused most of his argument on the fact that the Bankruptcy Court allegedly did not give him a proper opportunity to pay the filing fee after deciding not to reconsider whether to waive the fee. He argued that essentially what this appeal comes down to is that once the Bankruptcy Court denied his Motion to Reconsider, it should have given him an additional opportunity to pay the filing fee. During

oral argument, Mr. Bowman expressed that he could afford to pay the fee and that the relief he was requesting was a reversal of the procedural order that denied the reopening of the case on the grounds of non-payment and that the case should be reopened upon prompt payment of the filing fee.

## II. STANDARD OF REVIEW

The decision to reopen a bankruptcy case is within the discretion of the Bankruptcy Court. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324 (4th Cir. 1984). Therefore, this Court reviews that decision under an abuse of discretion standard. Additionally, the decision of whether or not to waive or defer a reopening fee under appropriate circumstances is within the discretion of the Bankruptcy Court. 28 U.S.C. § 1930 Bankruptcy Court Miscellaneous Fee Schedule (11). Therefore, this Court reviews that decision under an abuse of discretion standard as well.

Under the abuse of discretion standard, the reviewing court cannot reverse the court below unless the court below reached a conclusion "guided by erroneous legal principles, or [that] rests upon a clearly erroneous factual finding" or if the reviewing court possesses "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (citations omitted).

## III. DISCUSSION

The Court AFFIRMS (i) the Bankruptcy Court's June 25, 2013 Order denying the Motion for Reconsideration and Amended Motion to Defer Reopening Fee and (ii) the July 23, 2013 Order denying the reopening of the case for failure to pay the reopening fee. The Court holds that the Bankruptcy Court did not abuse its discretion because Mr. Bowman had already been given

an extension to pay the filing fee and he could not point to any mandatory authority showing that he was entitled to either a further extension or waiver of the fee where he has not shown that he was unable to pay the fee.

## A. Denial of Reopening Allegedly Based on Mr. Bowman's Non-Payment of the Incorrect Filing Fee

Mr. Bowman's first contention is that the Bankruptcy Court abused its discretion by requiring him to pay the wrong filing fee amount and refusing to reopen the case based on his non-payment of the wrong amount. (Appellant's Br. 5-7.) He asserts that the Bankruptcy Court had the discretion to deny the motion to reopen and had discretion to deny the motion to defer or waive the reopening fee, but did not have the discretion to require him to pay a fee different from the fee stated in the Miscellaneous Fee Schedule of 28 U.S.C. § 1930. (*Id.*) He maintains that it was an error of law, and therefore an abuse of discretion, to deny the reopening of the case based entirely on his failure to pay the fee in the wrong amount. (*Id.*)

First, it is clear from the record that Mr. Bowman was always aware what the correct filing fee was from the beginning because in his Motion to Defer Reopening Fee, filed June 5, 2013, he requested waiver of the $1,167 fee.

Additionally, Appellant's assertions are a factually incorrect recitation of what occurred in Bankruptcy Court. Although it appears that the clerk's office erroneously informed Mr. Bowman that the reopening fee was $1,000 rather than $1,167, the clerk's office subsequently corrected this mistake before the fee actually became due (June 20, 2013). The clerk's office provided Mr. Bowman with a corrected notice to cure filing defect on June 14, 2013 that stated $1,167 in filing fees was required to reopen the case. (Doc. 1, p. 90-91.) Mr. Bowman still had six days after receiving the corrected notice before he was required to pay the reopening fee.

7

Therefore, the correct filing fee amount of $1,167 was due on June 20, 2013. Mr. Bowman did not pay the fee. Ultimately the Motion to Reopen Case was denied on July 23, 2013 because Mr. Bowman had not paid the filing fee. (Doc. 1, p. 115.) Therefore, it is factually incorrect for Mr. Bowman to state that the Bankruptcy Court denied his Motion to Reopen Case because he had not paid the incorrect filing fee. Accordingly, the Court holds that the Bankruptcy Court did not abuse its discretion in refusing to reopen the case where Mr. Bowman had not paid the required filing fee.

## B. Extension of Time

Mr. Bowman's second contention is that the Bankruptcy Court abused its discretion by not extending the time for him to pay the correct fee amount after it ruled on his Motion for Reconsideration.

In order to assess this claim, it is important to focus on the timeline of events. Mr. Bowman filed his initial motions on June 4, 2013, at which time he did not pay the reopening fee, but instead submitted a motion to waive or defer the fee. (Doc 1, p. 41.) On June 6, 2013, the Bankruptcy Court denied his motion to waive or defer the filing fee, but did allow him a *two week extension* to pay the fee. (*Id.* at 86-87.) The Order explicitly stated that if he did not timely pay the fee, the Motion to Reopen would be denied. (*Id.*)

Mr. Bowman had until June 20, 2013 to pay the $1,167 fee, 16 days after he initially made his Motion to Reopen. (*Id.*) Mr. Bowman then waited 14 days after the Order denying a waiver, until the day the extension was set to expire, to file his Motion for Reconsideration of the denial of a waiver of the filing fee. (*Id.* at 92.) He did not file his memorandum in support of that motion for reconsideration until June 21, 2013, the day *after* the fee was due. (*Id.* at 103.) In the meantime, Mr. Bowman continued to file numerous motions and notice them for hearing even

though he had not paid the reopening fee. (*Id.* at 41-42.) In neither his Motion to Reconsider nor his Memorandum in Support, did Mr. Bowman request the Bankruptcy Court grant him an additional extension of time to pay the filing fee during the pendency of the Motion.

On June 25, 2013, the Bankruptcy Court denied reconsideration of the denial of the waiver of the reopening fee and chose not to grant him any further extension of time to pay the fee. (*Id.* at 112-13.) Mr. Bowman now claims that the Bankruptcy Court abused its discretion by not giving him *another* extension after ruling on the Motion for Reconsideration.

Mr. Bowman provides no authority in his brief showing that a court must waive a filing fee during the time that a motion for reconsideration for a denial of a waiver for a reopening fee is pending. Mr. Bowman provides no authority in his brief showing that a court must give an additional extension of time to pay a filing fee after a motion for reconsideration has been denied. Additionally, when questioned during oral arguments on October 25, 2013, Mr. Bowman provided no authority supporting his position. He simply stated that the Bankruptcy Court should have allowed him a fair chance to pay the fee, although he acknowledged that filing a motion for reconsideration does not automatically extend the time to pay a filing fee.

Mr. Bowman had a fair chance to the pay the fee. He had the opportunity to pay it when he initially filed his case. He had the opportunity to pay it when he was provided the original notice to cure filing defect and the corrected notice to cure filing defect. He had two weeks after the Bankruptcy Court's Order denying the waiver to pay the fee. The fact that Mr. Bowman waited until those two weeks ended to file a motion for reconsideration does not change his obligation to timely pay the fee. Accordingly, the Court holds that the Bankruptcy Court did not abuse its discretion in choosing not to grant Mr. Bowman an additional extension of time to pay the reopening fee after denying his Motion for Reconsideration.

## C. Failure to Waive the Reopening Fee

Mr. Bowman's third and final contention is that the bankruptcy judge abused its discretion by not waiving the filing fee even though allegedly appropriate circumstances justified waiver of the fee.

The Bankruptcy Court has made clear through its two orders denying waiver of the reopening fee that although a Bankruptcy Court has the discretion to waive a reopening fee, it did not believe that Mr. Bowman's circumstances warranted such a waiver. At no time has Mr. Bowman ever alleged that he does not have the financial resources to pay the reopening fee. Mr. Bowman's contention for why he should receive a waiver is that he only had incentive to attempt to vacate the Sanctions Order once the Bar Complaint was filed which was after the case closed. He has provided no authority for the proposition that a Bankruptcy Court must reopen a case at no cost if a bar complaint is filed at some later point in time.

During the hearing held on October 25, 2013, Mr. Bowman argued that the Bankruptcy Court abused its discretion in not allowing him to have additional time to pay the fee after ruling on the Motion to Reconsider. Mr. Bowman stated that he had resources to pay the fee. At no point during oral arguments did Mr. Bowman allege an abuse of discretion by the Bankruptcy Court for not waiving the fee nor did he argue that the original Sanctions Order was void. When questioned by the Court regarding what relief Mr. Bowman is requesting, he stated "The relief that I'm asking the Court for is to reverse the procedural order denying the motion to reopen the case on the grounds of the reopening fee wasn't paid. When it goes back to bankruptcy court on the motion, then I would appreciate the Court saying, in that order that it's being reversed because I wasn't given any opportunity to pay the fee after the Court's procedural order. And so that when this is reversed and remanded back to Bankruptcy Court that the case should be

reopened upon the prompt paying of the filing fee. Then, I will go to the clerk's office, pay the filing fee. The case will be reopened and then we can get the substance of the case." The time for paying the required filing fee has expired.

The Bankruptcy Court had the discretion to decide whether to waive the fee, and decided to exercise this discretion for several reasons set forth in that order. The Court holds that the Bankruptcy Court did not abuse its discretion in denying Mr. Bowman's Motion to Reconsider.

## IV. CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that the judgment of the Bankruptcy Court is **AFFIRMED** with respect to (i) the June 25, 2013 Order denying the Motion for Reconsideration and Amended Motion to Defer Reopening Fee and (ii) the July 23, 2013 Order denying the reopening of the case for failure to pay the reopening fee.

The Clerk of Court is directed to close this case and forward a copy of this Order to Appellant, appearing pro se.

**IT IS SO ORDERED.**

ENTERED this _26th_ day of November, 2013.

Alexandria, Virginia
11 / 26 / 2013

_____ /s/
Gerald Bruce Lee
United States District Judge

11